474 P.2d 73

Raymond HURLER, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Union Rock and Materials Corporation, Respondent Employer,

Union Rock and Materials Corporation, Respondent Carrier.

No. 1 CA–IC 385.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 2, 1970.

Rehearing Denied Oct. 2, 1970.
Review Denied Dec. 1, 1970.

Dowdall, Harris, Hull & Terry, by Richard J. Dowdall, Tucson, for petitioner.

Twitty, Sievwright & Mills, by John F. Mills, Phoenix, for respondent Employer and Carrier.

Donald L. Cross, Chief Counsel, Phoenix, The Industrial Commission of Arizona, for respondent.

STEVENS, Judge.

This case is before the Court by writ of certiorari to review the lawfulness of an award and findings of The Industrial Commission issued 3 December 1969 denying a rehearing on an award for temporary disability which was issued on 6 June 1969.*

* This case was decided under the law as it existed prior to 1 January 1969.

The question presented is whether the award finding that the petitioner suffered no permanent disability is reasonably supported by the evidence.

The petitioner, age 44 at the time, suffered a myocardial infarction arising out of and in the course and scope of his employment as a power shovel operator. This occurred under unusual stress and strain as he was struggling to loosen a "frozen" fitting on the shovel. The case was accepted as compensable by the Commission.

 It is the opinion of the Court that the award of the Commission for temporary disability only is not supported by the evidence. The evidence shows that the petitioner, prior to his accident, was working 48 to 60 hours per week, often as much as 11 hours a day. Much of this work was in "the pit" where temperatures became extremely high. Following the accident, the attending physician limited his work to 40 hours per week, and ordered him not to work in "the pit" or in any extremes of temperature. He advised that the petitioner rest frequently, and not overexert. The physician explained petitioner's injury as being death of a portion of the heart muscle, which then is replaced by scar tissue. The physician also testified that the petitioner would necessarily be under medical care and supervision indefinitely. He testified at the time of the hearing that the petitioner was taking a prescribed tranquilizer, anticoagulant, and medication to control irregular heartbeats. He indicated that it would be necessary for him to continue some of these medications on an indefinite basis. Also, he testified that it would be necessary to follow the petitioner's condition with electrocardiograms, which at that time he was taking every eight weeks. The confusion arises from the fact that when the doctor was asked by the referee whether or not the petitioner suffered permanent disability as a result of the infarction, he testified that since the petitioner had gone back to work he'd say that there was no permanent disability. Based upon the medical facts which he had previously testified about, this conclusion is erroneous.

 As was stated in Murray v. Industrial Commission, 87 Ariz. 190, 349 P.2d 627 (1960):

"* * * [W]hat constitutes proximate cause is a legal question primarily, dependent for its answer on the facts of the particular case. In the field of medicine, opinions of doctors qualified by training and experience as to causation are competent, and in many cases controlling and binding upon the trier of facts; however, when the medical facts on which such opinions are based are clearly shown, and the medical opinion as to causation conflicts with the inescapable legal conclusion, the former must give way to the latter. The difference in the medical and legal concept of cause results from the obvious differences in the basic problems and exigencies of the two professions in relation to causation. By reason of his training, the doctor is thinking in terms of a single, precise cause for a particular condition. The law, however, endeavors to reach an inference of reasonable medical certainty, from a given event or sequence of events, and recognizes more than one cause for a particular injurious result. In the law of torts, it is said that the tortfeasor is not entitled to a perfect specimen upon which to inflict injury. Likewise, in the field of Workmen's Compensation, the employer takes his employee as he is. In legal contemplation, if an injury, operating on an existing bodily condition or predisposition, produces a further injurious result, that result is caused by the injury." 87 Ariz. at 199, 349 P.2d at 633.

 The physician testified that the petitioner suffered from atherosclerosis, which was asymptomatic prior to the myocardial infarction. However, he testified that the limitations and restrictions on the petitioner's physical activities were precautionary as a result of the myocardial infarction. From a legal point of view, the myocardial

infarction was the proximate cause of the petitioner's physical disability. He is no longer able to continue the work he did prior to the accident, nor to work the long hours to which he was accustomed. Even though he has returned to work as a heavy equipment operator, he is unable to perform this work without limitations which were not previously imposed and his earnings are substantially reduced as the result of his physical limitation. Certainly this is a compensable disability.

The award of the Commission is set aside.

DONOFRIO, P. J., and CAMERON, J., concur.